**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

C. N. MCLEAN; LINDA MCLEAN,
<u>Plaintiffs-Appellants,</u>

v.

FEDERAL STREET CONSTRUCTION
COMPANY, INCORPORATED,
<u>Defendant-Appellee,</u>

and

POLING AND BACON CONSTRUCTION
COMPANY, INCORPORATED; ANKER
ENERGY CORPORATION; MORGANTOWN
ENERGY ASSOCIATES; MIDATLANTIC
ENERGY COMPANY; DOMINION COGEN
WV, INCORPORATED; HICKORY POWER
CORPORATION,
<u>Defendants.</u>

No. 94-2093

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert E. Maxwell, District Judge.
(CA-92-115-C)

Argued: April 6, 1995

Decided: February 12, 1996

Before RUSSELL and WIDENER, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeffrey Vernon Mehalic, SEGAL & DAVIS, L.C., Charleston, West Virginia, for Appellants. Boyd Lee Warner, WATERS, WARNER & HARRIS, Clarksburg, West Virginia, for Appellee. **ON BRIEF:** Scott S. Segal, SEGAL & DAVIS, L.C., Charleston, West Virginia, for Appellants. Thomas G. Dyer, WATERS, WARNER & HARRIS, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants C.N. and Linda McLean (plaintiffs)[1] appeal from a summary judgment in favor of defendant Federal Street Construction Company in an action arising from an injury sustained by McLean in November 1990 in Morgantown, West Virginia while he was operating a bulldozer in the course of his employment on a pipeline construction project. For the reasons stated below, we affirm the grant of summary judgment to Federal Street.

Briefly, the facts of this case are as follows. McLean was employed by Poling & Bacon, a subcontractor of Federal Street on the Steam Line Transmission Project, which was owned by Morgantown Energy Associates. While operating a bulldozer on a hillside, McLean's seat gave out, his foot fell off the machine's brake, and the machine slid, rolled or fell backward down the hillside. McLean jumped from the machine and was injured. Prior to the incident, there had been complaints to Poling & Bacon about defects in the bulldozer's seat and brakes.

_____

[1] The injury was suffered by C.N. McLean. Mrs. McLean's claims are for loss of consortium and thus derivative.

2

The McLeans sued Poling & Bacon, Federal Street, and Morgantown Energy, among others, in a West Virginia state court. They argued that Federal Street, as general contractor, had a duty to provide McLean with a safe workplace which it breached by failing to correct a defect in the bulldozer, causing his injury. The defendants removed, Morgantown Energy was dismissed, and the district court granted summary judgment in favor of Poling & Bacon and Federal Street on July 21, 1994. The McLeans' appeal of the Poling & Bacon judgment has been dismissed.**2**

Under West Virginia law, a general contractor has a duty to provide its subcontractors' employees with a reasonably safe working environment. See Hall v. Nello Teer Co., 203 S.E.2d 145, 149 (W. Va. 1974). However, the district court did not err in finding that plaintiffs provided no evidence that Federal Street breached this duty. Poling & Bacon, not Federal Street, owned, supplied, and maintained the bulldozer. Plaintiffs do not dispute that Federal Street had no knowledge of the bulldozer's defective condition, and offer no evidence that Federal Street was otherwise negligent in supervising Poling & Bacon's operations or in providing plaintiff with a reasonably safe working environment.

Instead, plaintiffs' principal argument is that they seek to attribute Poling & Bacon's negligence to Federal Street with respect to the alleged defects, on the basis of a contract between Poling & Bacon and Federal Street which plaintiff claims gives Federal Street significant control over, and responsibility for, the safety of the workplace under the statements in Pasquale v. Ohio Power Co., 418 S.E.2d 738 (W. Va. 1992). Plaintiffs contend that this contract establishes that Federal Street either was obligated to discover the defect in Poling & Bacon's bulldozer or was charged with Poling & Bacon's knowledge of that defect.

However, the contract at issue imposes primary liability for the safety of Poling & Bacon's employees on Poling & Bacon. Plaintiffs have presented no evidence that Federal Street exercised any signifi-

_____

**2** That claim was similar to that in Mandolidas v. Elkins Industries, Inc., 246 S.E.2d 907 (W. Va. 1978), and was resolved by the district court by summary judgment in favor of Poling & Bacon.

3

cant control over the safety of Poling & Bacon's operations, nor have they in any event suggested how Federal Street was negligent in supervising the safety of Poling & Bacon's operations.

In fact, the contract between Poling & Bacon and Federal Street states that Poling & Bacon "understands and agrees that neither Contractor nor Architect will make continuous or exhaustive inspections to assure Subcontractor's compliance with applicable safety rules, regulations or requirements." Absent any evidence of actual control over the safety of Poling & Bacon's operations, we think it plain that this contractual provision would not support a finding that Federal Street retained by contract any significant control over the safety of those operations.

Thus, we agree with the district court that plaintiff seeks to impose absolute or vicarious liability on a contractor for the negligence of its subcontractors in a case in which the contractor-subcontractor contract does not impose significant liability on the contractor for the safety of the subcontractor's operations. This position is not well taken. The plaintiffs have presented us with no West Virginia case that supports this position, and we have found none. Plaintiffs had the burden of showing that Federal Street was itself negligent in failing to provide Poling & Bacon's employees with a reasonably safe working environment, and they have simply failed to meet that burden. We thus find that the Poling & Bacon-Federal Street contract imposed no liability on Federal Street for the negligence of Poling & Bacon.

Finally, plaintiff argues that a contract between Federal Street and Morgantown Energy Associates, the owner of the Project, imposes liability on Federal Street for the conduct of subcontractors. This argument is meritless. The Morgantown Energy contract merely establishes that as between Federal Street and Morgantown Energy, Federal Street will indemnify and hold Morgantown Energy harmless for certain acts or omissions of Federal Street or a subcontractor for which Morgantown Energy was liable. It does not establish Federal Street's liability for the negligence of subcontractors.

In sum, the district court was correct in concluding that plaintiff produced no evidence that Federal Street knew of the defect in the

4

bulldozer or was negligent in supervising Poling & Bacon's operations.

The judgment of the district court is accordingly

AFFIRMED.